# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAMES WILLIAMS | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 10-2548 |
| GLORIA LEWIS, *et al.* | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                       **June 2, 2010**

The petitioner, a pro se prisoner, seeks to bring a civil action *in forma pauperis*, without prepayment of fees or security pursuant to 28 U.S.C. § 1915.[1] The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners bringing a civil action or filing an appeal *in forma pauperis*.

Under the Act, a prisoner bringing a civil action *in forma pauperis* must pay the full amount of the $350 filing fee. 28 U.S.C.A. § 1915(b)(1) (Supp. 2003). The prisoner must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint so the Court can determine how the $350 filing fee will be paid. *Id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.* The Court must then "assess [the prisoner's financial status] and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of

---

[1] In support of this request, the petitioner filled out a "form to be used by a prisoner filing an application to proceed *in forma pauperis* in a 42 U.S.C. § 1983 Civil Rights action." It does not appear, however, that petitioner has a § 1983 claim. Rather, at this point, it seems that any relief the petitioner seeks for the harm alleged may lie with the state criminal court that granted him work release.

(a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint . . . ."

When he brought this action, the petitioner may not have known that he must pay the filing fee and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or, (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the prisoner will not get his filing fee back.

We shall give the plaintiff twenty (20) days from the date of this Order to decide whether he wants to proceed with this case. If the plaintiff decides to proceed with the case, he must file a certified copy of his inmate trust fund account statement for the entire six-month period preceding **May 24, 2010**, as required by 28 U.S.C. §1915. Upon receipt of the account statement, the Court will assess the appropriate deductions to be made from the inmate's account in payment of the filing fee.